IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TROY R. SEAGRAVES, JR.,          )
                                 ) CA No. 13-718
    Plaintiff,              )
                                 )
V.

CAROLYN W. COLVIN,

    Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed for disability benefits pursuant to Titles II and XVI, claiming disability due to physical and mental impairments. Plaintiff's claims were denied initially, and upon hearing. The Appeals Counsel denied Plaintiff's Request for Review. Before the Court are the parties' cross-motions for summary judgment. Plaintiff's Motion focuses, in particular, on his alleged mental impairments and resulting limitations on social functioning. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.[1]

### OPINION

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

---

[1] Because the issues addressed in today's Order are relatively narrow, I do not recount Plaintiff's medical history in full.

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. Zurawski, 245 F.3d at 889. "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

**II. THE PARTIES' MOTIONS**

Plaintiff contends that the ALJ's hypothetical to the VE failed to account for moderate limitations in social functioning.

This argument implicates step five of the sequential analysis, in which the burden shifts to the Commissioner "to show that other jobs exist in significant numbers in the national economy that the claimant could perform." Rutherford v. Barnhart, 399 F.3d 546, 551 (3d Cir. 2005). If the ALJ seeks advisory testimony from a vocational expert, "the hypotheticals posed

must 'accurately portray' the claimant's impairments and [] the expert must be given an opportunity to evaluate those impairments 'as contained in the record.'" Id. Otherwise stated, "[h]ypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.' If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value." Lewis v. Apfel, 236 F.3d 503, 517-18 (9th Cir. 2001). If an ALJ expressly finds moderate limitations in social functioning, a hypothetical that does not address that limitation is insufficient. Valansky v. Colvin, No. 13-573, 2014 U.S. Dist. LEXIS 15190, at *5 (W.D. Pa. Feb. 6, 2014); Debias v. Astrue, No. 11-3545, 2012 U.S. Dist. LEXIS 81161 at **10-12 (E.D. Pa. Jun. 11, 2012).

In this case, the ALJ stated, "although the record supports a finding of some limitations in the claimant's social functioning … I find that these are only moderate." The ALJ's finding of moderate limitations in social functioning are consistent with his assessment of the medical opinions of record – i.e., he gave significant weight to the opinion of consultant Dr. Ross, who found such a limitation, and some weight to the opinion of treating physician Dr. Gauthier, who found moderate limitations on interacting appropriately with others. Again consistent with these conclusions, the record reflected diagnoses of bipolar disorder, and temper and anger problems, which the ALJ appeared to accept.

Then, the ALJ found an RFC of light work, with the following limitations: "to routine and repetitive work; with little required decision making; and the work must be simple in nature, with reading and writing not required on a regular basis." At the hearing, the ALJ posed a hypothetical to the VE, which incorporated that RFC. In response, the VE identified jobs of unskilled cleaner, laundry worker, and laundry folder. When the ALJ amended the hypothetical to include anger outbursts, the VE stated that there would be no jobs available. It is unclear

3

whether the modified hypothetical was intended to completely account for Plaintiff's moderate limitations on social functioning, and, if so, why the ALJ did not accept the VE's response. Likewise, it is unclear why the ALJ did not include social functioning limitations in his RFC or in the hypothetical ultimately relied on in his final disability determination.

Remand is required where the hypothetical question is deficient. Anderson v. Astrue, 825 F. Supp. 2d 487, 498 (D. Del. 2011). "Until the ALJ forecloses the possibility that the VE could have changed his testimony if the ALJ had included limitations pertinent to the ALJ's own finding of "moderate" limitations in social functioning, the VE's answer to the hypothetical as posed cannot be said to constitute substantial evidence upon which the ALJ can properly rely." Tung Thinh Lam v. Astrue, No. 9-4331, 2011 U.S. Dist. LEXIS 53229, at **51-52 (E.D. Pa. Mar. 31, 2011). Further, I recognize the possibility that the ALJ may have had some other, unexplained reason for omitting Plaintiff's social limitations from the hypothetical, or for rejecting the VE's response to the follow-up hypothetical that included anger limitations. Accordingly, this matter must be remanded so that the ALJ can clarify his reasoning, or so that the ALJ can obtain VE testimony in response to a complete and accurate hypothetical based on the medical evidence.

## CONCLUSION

This matter will be remanded, to allow the ALJ to reassess the RFC and hypothetical to the VE in light of the moderate limitations that he found in social functioning, or clarify his failure to account for those limitations in either the hypothetical or his disability conclusion. An appropriate Order follows.

## ORDER

AND NOW, this 20th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's is DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court